**LIFSCHULTZ FAST FREIGHT, INC., Plaintiff,**

v.

**RAINBOW SHOPS, INC., d/b/a Rainbow USA, Inc., Defendant.**

**No. 91 Civ. 2456 (MBM).**

United States District Court, S.D. New York.

Nov. 10, 1992.

James P. Anelli, Lindsey H. Taylor, Friedman Siegelbaum, New York City, for plaintiff.

Larsh B. Mewhinney, New York City, William J. Augello, Augello, Pezold & Hirschmann, P.C., Huntington, N.Y., for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendant has moved for reargument of this Court's February 11, 1992 Opinion and Order (the "February opinion"), 784 F.Supp. 89 (S.D.N.Y.1992) declining to refer defendant's unreasonable rate defense to the Interstate Commerce Commission and to stay this action pending the outcome of that reference. The basis for the motion, filed more than five months after the decision in question, is the decision of the U.S. Court of Appeals for the Fifth Circuit in *Advance United Expressways, Inc. v. Eastman Kodak Company*, 965 F.2d 1347 (5th Cir.1992), overruling *In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388 (5th Cir.1989). The February opinion had cited *Caravan* as one authority supporting the result. Although the motion for reargument is granted, a review of *Advance United Expressways* does not change my view that the result reached in the February opinion was correct. Accordingly, on reargument, the February opinion is adhered to.

In *Advance United Expressways*, the Fifth Circuit read *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990) to require that *Caravan* be overruled. As set forth in the February opinion, 784 F.Supp. at 91, to the extent *Maislin* could be read to influence the outcome here it appeared to support the cited portion of *Caravan*

insofar as it emphasized the importance of the filed rate doctrine. In any event, *Caravan* certainly was not the only authority relied on to support the result in the February opinion. The Fourth Circuit's opinion in *In re Carolina Motor Express, Inc.*, 949 F.2d 107, 110 (4th Cir.1991) provided substantial support. Notably, the Fifth Circuit in *Advance United Expressways* neither cited nor discussed *Carolina Motor Express*. Further, the statutory analysis and policy considerations outlined in the February opinion, 784 F.Supp. at 93, outweigh in my view the Fifth Circuit's endorsement of the ICC's statutory analysis as well as that Court's suggestion that because recent rate cases of this kind seem to arise in connection with the bankruptcy of carriers, we must read the statute to assure that shippers will not be faced with the difficulty of having to recover overcharges from a bankrupt, and perhaps the impossibility of doing so if the debtor's estate is fully distributed before the fairness of a particular tariff can be litigated. 965 F.2d at 1349–50.

The remaining issues raised by defendant are not properly a part of any question arising from *Advance United Expressways*, but rather are matters that could have been raised within the ten days permitted by Rule 3(j) of the Civil Rules of this Court. Because those issues were not raised in timely fashion, they have not been considered on this motion.

For the above reasons, the determination in the February opinion is adhered to on reargument.

SO ORDERED.